UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL K. GREGORY,

    Plaintiff,

    v.

BYRD, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-507-JD-MGG

OPINION AND ORDER

Michael K. Gregory, a prisoner without a lawyer, filed a complaint alleging that he received inadequate medical treatment for his pain while incarcerated at the Wabash Valley Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Gregory is an inmate within the Indiana Department of Correction and is currently housed at the Wabash Valley Correctional Facility. Prior to being transferred to Wabash Valley Correctional Facility, Gregory was incarcerated at Indiana State Prison. Gregory alleges that, while at Indiana State Prison, correctional officers beat, kicked and punched him, hyperextended his arms, pulled his hair, and slammed his head into steel and concrete. This has resulted in pain in Gregory's shoulders, wrists, lower back, right hip, left knee, and neck. After his transfer to Wabash Valley Correctional Facility, Gregory asked for medical care and was granted an appointment with Dr. Byrd on July 14, 2017. Gregory told Dr. Byrd about his pain and Dr. Byrd, while smirking, responded by saying, "I may as well believe you were in a vietamese [sic] concentration camp," and "I can just look at you and tell that you aren't in any pain." (ECF 1 at 2.) Dr. Byrd added that "Well, biomechanically, it's just not possible that you are in any pain." *Id.* Gregory then referred to Dr. Byrd's "obvious quackery" and Dr. Byrd then directed that Gregory leave. Gregory has sued four defendants: Dr. Byrd, Michael Smith, K. Hobson, and Wexford Medical. He seeks compensatory and punitive damages.

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted

in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Giving Gregory the inferences to which he is entitled at this stage of the case, he has stated a plausible claim of deliberate indifference against Dr. Byrd.

Gregory also sued Wexford Medical. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (Monell framework applies to private company providing medical care at correctional facility). But, a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Gregory does not identify any policy or practice maintained by Wexford that resulted in his injuries. Therefore, he has not stated a claim against Wexford.

Last, Gregory has sued Michael Smith and K. Hobson, but – other than listing them as defendants - his complaint makes no mention of these individuals.  Nothing in the complaint suggests that Michael Smith or K. Hobson treated Gregory for his condition or were otherwise involved in the refusal to provide him with adequate medical care. Because Gregory does not indicate that Michael Smith or K. Hobson were

personally involved in his care, they will be dismissed. *See Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995).

For these reasons, the court:

(1) GRANTS Michael K. Gregory leave to proceed against Dr. Byrd in his individual capacities for compensatory and punitive damages on an Eighth Amendment claim for deliberate indifference to his serious medical needs based on the July 14, 2017, incident;

(2) DISMISSES all other claims;

(3) DISMISSES Michael Smith, K. Hobson, and Wexford Medical;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Byrd at the Indiana Department of Correction with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Byrd respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 15, 2019

                                                  /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT